## City of Chicago, Defendant in Error, v. Eddie Kline, Plaintiff in Error.

### Gen. No. 15,766.

1. APPEALS AND ERRORS—*when denial of continuance not considered on review.* An error predicated upon a refusal to grant a continuance will not be considered on review where the record does not show the ground upon which the continuance was asked.

2. CRIMINAL LAW—*when conviction of selling cocaine sustained.* *Held*, under ·the evidence in this case, that the conviction of selling cocaine contrary to ordinance was sufficiently sustained by the evidence adduced.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion .filed April 13, 1911.

HARRY B. MILLER, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY. M. SELIGMAN, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error is prosecuted to reverse the action of the Municipal Court of Chicago in finding the plaintiff in error, Kline, guilty of violating the ordinance of the city of Chicago in relation to the sale of cocaine and similar substances except on the prescription of a licensed physician or druggist, and in fining him $200 for the said violation.

A jury was waived by the defendant and the cause tried by the court.

The judgment of the Municipal Court will be affirmed.

The objection that it should be reversed because the record shows that a motion for a continuance was denied (it not even being shown on what ground it

was asked), can hardly be seriously urged. Nor is it any more material that the "complaint" stated that the complaining witness saw the offense ·committed, and that this statement was not proven. The true question was whether the offense was committed, not whether Officer Carney saw it.

Plaintiff in error however says that there is no evidence that it was committed. There is evidence that one McNally came out of a room belonging to the plaintiff in error with a box of cocaine; that in the room immediately thereafter a man named Bond was found and arrested, who said that he had been left by Kline in charge of the room and had sold the cocaine to McNally; that in the room were many boxes and bottles of cocaine, some sealed and some open, some filled and some partly empty.

The plaintiff in error admitted the ownership of the room and that he left Bond in charge of it; and admitted that the cocaine in it belonged to him, but refused to tell where he got it, why he kept such a large amount in his room, or what he was going to do with it, but contented himself with denying that he authorized Bond to sell any of it.

We think the evidence is sufficient to sustain the conviction.

*Affirmed.*